## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

RALPH BELISLE,

      Petitioner,

v.                            Case No. 14-14592

KENNETH ROMANOWSKI,

      Respondent.

_____/

**OPINION AND ORDER GRANTING PETITIONER'S MOTION TO STAY, DENYING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT, DENYING PETITIONER'S MOTION TO DISMISS HABEAS PETITION WITHOUT PREJUDICE, AND ADMINISTRATIVELY CLOSING THE CASE**

Petitioner Ralph Belisle, an inmate at the Macomb Correctional Facility in New Haven, Michigan, filed a petition for habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his Macomb Circuit Court conviction of four counts of first-degree criminal sexual conduct, Mich. Comp. Laws § 750.520b(1)(a)), and five counts of third-degree criminal sexual conduct, Mich. Comp. Laws § 750.520d(1)(a)). The petition raises eleven grounds for relief. (Dkt. # 1.)

Along with his petition, Petitioner filed a motion to stay all court proceedings so that he could return to the state courts to exhaust an additional claim he asserts is based on newly discovered evidence. (Dkt. # 2.) Respondent did not file a response to the motion. Instead, on June 12, 2015, Respondent filed a motion for summary judgment, asserting that the petition was filed after expiration of the statute of limitations. (Dkt. # 6.) On July 29, 2015, in reply, Petitioner filed a motion to voluntarily

dismiss his action or in the alternative to seek additional time to respond to the motion for summary judgment. (Dkt. # 8.)

For the reasons stated below, the court will grant Petitioner's motion to stay all proceedings while he returns to state court to present his unexhausted claims, deny the two other pending motions, and administratively close the case.

## I. BACKGROUND

On December 8, 2005, Petitioner was found guilty of the offenses listed above after a jury trial in the Macomb Circuit Court. Petitioner was sentenced on January 19, 2006, to 15-to-40 years in prison for each first-degree criminal-sexual-conduct conviction and 76 months-to-15 years in prison for each second-degree criminal-sexual-conduct conviction. On October 1, 2007, Petitioner filed an application for leave to appeal with the Michigan Court of Appeals. The application raised two claims: 1) the trial court abused its discretion in admitting a taped telephone conversation between the victim and her mother, and 2) the trial court failed to secure the attendance of a defense witness. (*See* Dkt. # 7-18, Pg. ID 1322.) On April 2, 2008, the Michigan Court of Appeals denied the application "for lack of merit in the grounds presented." (*Id.* at 1320.) Petitioner then filed an application for leave to appeal in the Michigan Supreme Court. On July 29, 2008, the Michigan Supreme Court denied Belisle's application. *People v. Belisle*, 753 N.W.2d 169 (Mich. 2008) (table).

On January 7, 2013, Petitioner filed a motion for relief from judgment in the trial court, and the trial court denied this motion on April 8, 2013. (Dkt. # 6-5, Pg. ID 149; Dkt. # 6, Pg. ID 77.) On November 22, 2013, Petitioner filed an application for leave to appeal in the Michigan Court of Appeals, which was dismissed as untimely. (Dkt. # 7-

2

20, Pg. ID 1416.)  Petitioner applied for leave to appeal to the Michigan Supreme Court,
but this application was denied as well.  *People v. Belisle*, 852 N.W.2d 617 (Mich. 2014)
(table).

Petitioner filed the instant habeas petition and motion to stay on December 4,
2014. Respondent filed the instant motion for summary judgment on June 12, 2015,
asserting that the claims raised in the petition are barred by the statute of limitations.  In
response, Petitioner filed a motion to voluntarily dismiss his petition. Petitioner asserts
that in 2004 he suffered a traumatic head injury, and, as a result of the injury, he has
cognitive and psychological difficulties that prevent him from handling his own legal
matters.  He asserts that fellow prisoners have assisted with his habeas petition, and his
family is actively trying to obtain legal assistance for him.  (Dkt. # 8, Pg. ID 1600-01.)

## II. DISCUSSION

A federal district court has authority to abate or dismiss a federal habeas action
pending resolution of state post-conviction proceedings.  *See Brewer v. Johnson*, 139 F.
3d 491, 493 (5th Cir. 1998).  This is so even with respect to fully exhausted federal
habeas petitions; *Bowling v. Haeberline*, 246 F. App'x 303, 306 (6th Cir. 2007) (holding
that a habeas court is entitled to delay a decision in a habeas petition that contains only
exhausted claims "when considerations of comity and judicial economy would be
served" (citation omitted)).  In many instances though, the outright dismissal of a
habeas petition to allow a petitioner to exhaust state remedies might result in a time-bar
when the petitioner returns to federal court due to the one-year statute of limitations
contained in the Antiterrorism and Effective Death Penalty Act ("AEDPA").  28 U.S.C.
2244(d)(1); *see also Hargrove v. Brigano*, 300 F.3d 717, 720-21 (6th Cir. 2002).

In this case, AEDPA's one-year statute of limitations poses a concern.  In its motion for summary judgment, Respondent argues that the starting point for calculating AEDPA's statute of limitations is October 27, 2008, which is 90 days after the Michigan Supreme Court denied Petitioner's application for leave to appeal on July 29, 2008. (Dkt. # 6, Pg. ID 78.)  *See* 28 U.S.C. § 2244(d)(1)(A).  What Respondent's motion ignores, however, is the fact that Petitioner seeks to go back to state court to exhaust a claim he asserts is based on newly discovered evidence.  Petitioner's state court motion based on purported new evidence could create a later starting point for the statute of limitations under § 2244(d)(1)(D), which would impact the court's determination as to the timeliness of his habeas petition.

The Supreme Court has held that, "[b]ecause granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court.  Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless."  *Rhines v. Weber*, 544 U.S. 269, 277 (2005).  Where, as here, a habeas petition contains only exhausted claims, and the petitioner seeks to stay the petition so that he can return to state court on an unexhausted claim not yet part of the petition, the discretion to stay the petition is informed both by the potential for parallel federal habeas and state post-conviction proceedings and *Rhines*.

"Considerations of judicial economy support [a] district court's decision to withhold decision on [habeas] claims that could have been mooted by the pending state

4

proceedings." *Nowaczyk v. Warden, New Hampshire State Prison*, 299 F.3d 69, 78 (1st Cir. 2002). Of course, "if the exhausted claims appear to be very clear bases for habeas relief, proceeding to adjudicate those claims" could save state resources. *Thomas v. Stoddard*, 2015 WL 927076, at *5 (E.D. Mich. Mar. 5, 2015). Second, whether Petitioner had good cause to fail to exhaust his claims in state court depends largely on when the purported newly discovered evidence was discovered and why it was not discovered earlier.

The court cannot conclude that Petitioner's new claim is "plainly meritless" or that Petitioner lacked good cause for failing to exhaust his claims in state court because Petitioner has not given any details concerning his state law motion, nor has Respondent contested his request for a stay. Petitioner simply states that he has an additional claim not presented on direct appeal based on newly discovered evidence.

The court does not anticipate prejudice to the Respondent in staying the case, especially where no response to the Motion to Stay has been filed. But Petitioner could be prejudiced by the burden of litigating simultaneous cases in federal and state court. Given the foregoing, the court will stay this case and hold Petitioner's petition in abeyance.

Where, as here, a district court determines that a stay is appropriate pending exhaustion, the Supreme Court directs that the court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278. If he has not done already, Petitioner must initiate his state post-conviction remedies within ninety days of entry of this order and return to federal court within ninety days of completing the exhaustion of state court post-conviction remedies.

5

Last, Petitioner moves for voluntary dismissal of his petition in order have more time to seek legal assistance and obtain relevant materials for this matter.  In light of the court's decision to grant Petitioner's motion for a stay, Petitioner's need for a voluntary dismissal appears to have been met.

To avoid administrative difficulties, the court will administratively close this matter for statistical purposes only.  Upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the court will reopen this case.

### III. CONCLUSION

For the reasons stated above,

IT IS ORDERED that Petitioner's Motion to Stay Court Proceedings (Dkt. # 2) is GRANTED and all obligations, deadlines, and formal proceedings in this matter are STAYED.

IT IS FURTHER ORDERED that Respondent's Motion for Summary Judgment (Dkt. # 6) is DENIED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Petitioner's Motion for Voluntary Dismissal (Dkt. # 8) is DENIED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Petitioner is DIRECTED to file a motion for relief from judgment in state court within ninety days of entry of this order, if he has not already done so.  Petitioner is DIRECTED to notify the court in writing that such motion papers have been filed in state court.  If he fails to file a motion or notify the court that he has done so, the court will lift the stay and proceed to adjudicate the claims that were raised in the original petition.

IT IS FURTHER ORDERED that, after Petitioner fully exhausts his new claim, he shall file an amended petition that includes the new claim within ninety days after the conclusion of his state court post-conviction proceedings, along with a motion to lift the stay.  Failure to do so will result in the court lifting the stay and adjudicating the merits of the claims raised in Petitioner's original habeas petition.

IT IS FURTHER ORDERED that the clerk of the court is DIRECTED to administratively close this matter for statistical purposes only.  Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter. Upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the court will order the clerk of the court to reopen this case for statistical purposes.

s/ Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  August 14, 2015

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 14, 2015, by electronic and/or ordinary mail.

S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\JUDGE'S DESK\C1 ORDERS\14-14592.BELISLE.Stay.dmi.wpd

7